UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTOINE HARRIS,

        Plaintiff,

v.

WILLIE SMITH, *et al.*,

        Defendants.
_____/

Case No. 1:06-CV-206

Hon. Richard Alan Enslen

**JUDGMENT**

      Plaintiff Antoine Harris has filed an Objection to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of October 31, 2006. The Court now reviews the Objection and the pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(A). Oral argument is unnecessary in light of the briefing.

      Upon such review, the Court determines that the Objection should be denied for the reasons given in the Report. The United States Supreme Court's decision in *Woodford v. Ngo*, 126 S. Ct. 2386 (U.S. 2006), overruled the Sixth Circuit Court of Appeals' decision in *Thomas v. Woolum*, 337 F.3d 720 (6th Cir. 2003). *See Woodford*, 126 S. Ct. at 2384, 2393. It also reversed the decision of the Ninth Circuit, even though it may have come as a surprise to the prisoner litigant. *Id.* Plaintiff argues in his Objection that the decision should not be applied to him since his exhaustion steps were taken prior to the *Woodford* holding. This reasoning is mistaken. The Supreme Court's decision was an interpretation of a procedural rule, rather than a punitive statute. That interpretation was given immediate effect by the Supreme Court and there is no controlling precedent to the contrary. Although this Court does not believe that *Woodford* was wisely decided, for the reasons given in the dissent, it is the binding interpretation of the Supreme Court.

Plaintiff's final argument, interpreting the record in a light most favorable to him, is that he should be entitled to some kind of equitable extension because the prison did not timely respond to his grievance and induced his failure to file a timely grievance appeal. Although this argument has some strong appeal, it is not ultimately persuasive because the Michigan grievance procedures in question clearly warn a grievance filer that a failure of the prison officials to timely respond is treated as a denial and starts the clock on the time to file a grievance appeal.

Since this matter involves an *in forma pauperis* prisoner, the Court is required under 28 U.S.C. § 1915(a) and the Sixth Circuit's decision in *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997) to determine whether an appeal of this judgment would be taken in good faith. The Court decides that it would be--due to the lingering questions left by the *Woodford* decision as to what conditions, if any, should warrant equitable exceptions to state grievance exhaustion rules. There is an absence of precedent on this issue and Plaintiff's case presents an interesting example to be examined.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Antoine Harris' Objection (Dkt. No. 32) is **DENIED**, the Report and Recommendation (Dkt. No. 31) is **ADOPTED**, Defendants Willie Smith and Lt. Kula's Motion to Dismiss (Dkt. No. 15) is **GRANTED**, and this action is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Court certifies than an appeal of this Judgment would be taken in good faith for the purposes of 28 U.S.C. § 1915(a) and the decision in *McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

DATED in Kalamazoo, MI:　　　　/s/ Richard Alan Enslen
December 11, 2006　　　　　　　RICHARD ALAN ENSLEN
　　　　　　　　　　　　　　　　SENIOR UNITED STATES DISTRICT JUDGE