UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ANTOINE HARRIS,

        Plaintiff,

Case No. 1:06-CV-206

v.

Hon. Richard Alan Enslen

WILLIE SMITH, *et al.*,

**ORDER**

        Defendants.
_____/

On or about December 27, 2006, Plaintiff Antoine Harris filed his Motion to Amend or Alter Judgment, referring to the Judgment of December 11, 2006 dismissing this suit due to lack of exhaustion of administrative remedies. Plaintiff's Motion is brought pursuant to Federal Rule of Civil Procedure 59(e). Oral argument is unnecessary in light of the briefing.

Rule 59(e) authorizes relief due to: (1) an intervening change in law; (2) previously unavailable evidence has become available; and (3) the correction of a clear error of law or prevention of manifest injustice. *See Gen. Truck Drivers, Chauffeurs, Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.*, 190 F.3d 434, 445 (6th Cir. 1999) (citing cases). Plaintiff's Motion concerns the third alternative–to prevent an error of law and/or manifest injustice. Plaintiff argues that the holding in *Woodford v. Ngo*, 126 S. Ct. 2378 (U.S. 2006) cannot be applied to his situation because the Michigan exhaustion procedure, unlike the California administrative procedure discussed in *Woodford,* is based on a policy statement which does not have the force of law.

This is a perceptive and interesting argument, which discloses a knotty problem. The procedural requirements in *Woodford* were based upon state regulations that had the force of law. Policy directives, on the other hand, are interpretive guides which do not have the full force of law and remain subject to the discretion of corrections officials regarding their interpretation and modification. *See Shabazz v. Gabry*, 123 F.3d 909, 915 (6th Cir. 1997) (holding that policy directives do not have the "force of law" for *ex post facto* purposes); *Martin v. Dep't of Corr.*, 384 N.W.2d 392, 397 (Mich. 1986) (holding that disciplinary directives are not subject to certain requirements of the Administrative Procedures Act); *Danse Corp. v. City of Madison Heights*, 644 N.W.2d 721, 725 (Mich. 2002) (holding that tax policy manual did not "have the force of law").

Therefore, when a policy directive sets forth a procedure and a prisoner fails to comply with the procedure, what consequences should attach to the non-compliance? The answer to this question is that the consequences which are specified in the policy directive should normally attach, but such directive must be interpreted "equitably" considering the broad discretion reserved to prison officials. This answer does not require reversal of the dismissal in this suit. Plaintiff has not shown sufficient equitable circumstances to prevent the usual operation of the corrections policy requiring a timely appeal of a non-response by corrections officials.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff Antoine Harris' Motion to Amend or Alter Judgment (Dkt. No. 40) is **DENIED**.

Dated in Kalamazoo, MI:  　　　　　　　　　　/s/Richard Alan Enslen  
February 16, 2007　　　　　　　　　　　　Richard Alan Enslen  
　　　　　　　　　　　　　　　　　　　　Senior United States District Judge